IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUBEN ROMAN<br>EUDOSIA CRUZ<br>and SULIVETTE ROMAN-CRUZ<br>Plaintiffs<br><br>vs<br><br>MAYOR RAMON A. HERNANDEZ-TORRES, in his official capacity;<br>MUNICIPALITY OF JUANA DIAZ<br>WALBERTO HERNANDEZ (Director of the Sports and Recreation Department of the Municipality)<br>THE COMMONWEALTH<br>OF PUERTO RICO<br>HEALTH DEPARTMENT<br>OF PUERTO RICO<br>PUERTO RICO'S MEDICAL CENTER<br>DR. PETER DOE<br>DR. JANE DOE<br>RICHARD ROE,<br>unknown doctors, in their personal capacities<br>ABC INSURANCE CO.<br>and XYZ INSURANCE CO., unknown insurers<br>Defendants | CIVIL 05-2355CCC |

# O R D E R

This action is before us on defendants Ramón Hernández-Torres, Walberto Hernández and the Municipality of Juana Díaz' Urgent Motion to Request an Emergency Hearing filed October 19, 2006 (**docket entry 54**). The request for the hearing was engendered by the court's order of the same date, docket entry 53, in which it granted plaintiff's motion to deem as admitted request for admissions that were never answered by the defendants. At the time the motion was granted, defendants had neither responded to nor opposed the motion and had not requested an extension of time to do so.

Defendants' attorney, Jorge Martínez-Luciano lays the blame for their failure to provide the discovery squarely at plaintiffs' attorney, Godwin Aldarondo-Girald's, feet. He contends

CIVIL 05-2355CCC                                                    2

that defendants took no action because plaintiffs served discovery only on attorney Francisco Colón, who also represents the Municipality, and that he and his colleague Johanna Emmanuelli Huertas were left out of the discovery loop.

In addressing the motion now before us, our review of the record reflects the following:

Johanna Emmanuelli-Huertas has represented the Municipality since March 7, 2006 and later added the representation of the individual defendants.  Martínez-Luciano filed his notice of appearance until September 12, 2006 and on September 28, 2006 filed an answer to the amended complaint on behalf of the Municipality and the individual defendants.  Attorney Francisco Colón-Ramírez also answered the complaint on behalf of the Municipality on March 23, 2006, and tendered an amended answer to the amended complaint on June 9, 2006.

It only becomes evident much later in the proceedings that Colón represents the Municipality under its insurance policy, and Emmanuelli-Huertas and Martínez-Luciano represent the individual defendants and the Municipality for amounts in excess of its insurance. Correspondence among the attorneys attached as exhibits to various motions reflects the following:

1) It appearing from notices and pleadings that the defense attorneys appeared to be representing their clients jointly in the same capacity, plaintiffs sent their discovery requests and materials to attorney Colón, expecting that he would be in communication with his co-counsel.

2) Although the defense attorneys were in contact, the communication was directed more to sniping at one another than to advancing the discovery in the case.  According to her May 16, 2006 e-mail to Aldarondo, Emmanuelli took offense that she was not included in a Rule 26 meeting.

3) On that same date, Aldarondo's associate, Ericson Sánchez Preks wrote to Emmanuelli explaining that plaintiffs' discovery was being notified through Colón; that he understood that Emmanuelli and Colón were in communication, and if she had any doubts or objections to contact him.

CIVIL 05-2355CCC                                            3

4) The locking of horns that ensued between Emmanuelli and Martínez on one side and Colón on the other about how the case was to be handled, with accusations flying from both sides, is evidenced in a series of e-mails and letters sent between June 15, 2006 and September 19, 2006.

5) While this battle was being waged, both attorneys neglected to serve the discovery and answers to the request for admissions, as well as respond and/or oppose the motion to deem the admissions admitted.

Our review of the explanation given in the motion now before the Court, as well as the other documents in the record, as set out above, convinces us that the defendants had no role in their attorneys' failure to provide the discovery or respond to the motion to admit facts. It may well be that they had no knowledge of the clash of egos that was jeopardizing their defense.

For the above stated reasons, we VACATE that portion of our order of October 19, 2006 deeming that the admissions requested by plaintiffs were admitted by the defendants, and place the responsibility for the failures and delays where they squarely belong: at the feet of attorneys Colón-Ramírez and Emmanuelli-Huertas.[1] Accordingly, each attorney is sanctioned the amount of $500.00, which shall be paid to the plaintiffs within fifteen (15) days after notice. Defendants shall also serve any and all outstanding discovery within that same term. Failure to do so will result in further sanctions upon defense counsel. Inasmuch as discovery closed the end of October, no extension of time to comply with this order will be granted.

SO ORDERED.

At San Juan, Puerto Rico, on December 19, 2006.

                                                    S/CARMEN CONSUELO CEREZO
                                                    United States District Judge

---

[1] Having entered this case almost a month after the discovery in issue was due, attorney Martinez Luciano has not been sanctioned.